UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MATTHEW G. McCRAY,

         Plaintiff,

                Case # 16-CV-390-FPG

v.

                ORDER DISMISSING CASE

COMMISSIONER OF SOCIAL SECURITY,

         Defendant.

On June 16, 2017, *pro se* Plaintiff Matthew G. McCray ("Plaintiff") was ordered to show cause in writing by July 7, 2017, why this case should not be dismissed for his failure to prosecute. ECF No. 14. Despite the Order's explicit warning that Plaintiff's failure to respond would result in the dismissal of this action with prejudice pursuant to Fed. R. Civ. P. 41(b), Plaintiff has not responded to the Order.

Fed. R. Civ. P. 41(b) authorizes a district court to "dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute." *Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 (1962)). Although it is a harsh remedy, the rule is "intended to serve as a rarely employed, but useful, tool of judicial administration available to district courts in managing their specific cases and general caseload." *Wynder v. McMahon*, 360 F.3d 73, 79 (2d Cir. 2004).

A district court considering a Rule 41(b) dismissal must weigh five factors: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Baptiste v. Sommers*, 768

F.3d 212, 216 (2d Cir. 2014).  No single factor is generally dispositive.  *Nita v. Connecticut Dep't of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994).

Pursuant to the Court's Social Security Standing Order, dispositive motions in this case were due by February 7, 2017, *i.e.*, within 60 days of the filing of the administrative transcript.  On February 6, 2017, the Commissioner moved for an extension of time to file her motion and indicated that Plaintiff did not object to this request.  ECF No. 10.  The Court granted the Commissioner's motion and extended the filing deadline for both parties' motions to February 21, 2017.  ECF No. 12.  Plaintiff was mailed a copy of the Text Order granting the extension of time.  *Id.*  In compliance with the Court's extension of time, the Commissioner timely filed a motion for judgment on the pleadings on February 21, 2017.  ECF No. 13.  Plaintiff, however, has not filed a dispositive motion or communicated with the Court.

Due to his failure to prosecute this action, Plaintiff was ordered to show cause and was warned that the failure to do so would result in the dismissal of his case.  ECF No. 14.  Despite that warning, Plaintiff ignored the Order. Since Plaintiff has refused to prosecute this action and to respond to the Court's Orders, there is no effective sanction less drastic than dismissal.

Because Plaintiff failed to comply with the Court's Orders and has not communicated with the Court to explain or correct the noncompliance despite being warned of the consequences of failing to respond, the Court finds that dismissal is appropriate.  Accordingly, this action is hereby DISMISSED WITH PREJUDICE and the Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: July 20, 2017
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court

2